```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

REYDEL SANTOS                                           PLAINTIFF

VS.                          CIVIL ACTION NO. 5:04-cv-58(DCB)(JCS)

U.S. BUREAU OF PRISONS                                  DEFENDANT

                    MEMORANDUM OPINION AND ORDER

This cause is before the Court on the parties' responses to this Court's Memorandum Opinion and Order of March 4, 2005, regarding the defendant U.S. Bureau of Prisons("BOP")'s motion for summary judgment **(docket entry 4)**. Also before the Court is the BOP's motion to dismiss or in the alternative for summary judgment **(docket entry 36)**, and motion for summary judgment **(docket entry 39)**. Having carefully considered the responses to the Court's Memorandum Opinion and Order, the motions and responses, the briefs of the parties and the applicable law, the Court finds as follows:

The Court previously found with respect to the plaintiff's second request (November 18, 2002) for documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, that the defendant had processed the request and notified the plaintiff of the result. The Court further found that the plaintiff had not responded to the defendant's letter of May 13, 2004, notifying him of the result; had not sought to comply with the BOP's directives for obtaining the documents; and had not challenged the BOP's determination. The Court therefore found that summary judgment would be granted unless

Santos could show good cause for his failure to respond to the BOP's letter of May 13, 2004.

In response to the Court's order, Santos has produced, for the first time, two handwritten letters, dated May 27, 2004, and November 16, 2004. The BOP denies having received the letters. Declaration of Van Vandivier, ¶ 3. As for his failure to produce the letters to the Court, Santos blames his counsel. The Court finds, however, that Santos has not shown that he was in any way prevented from producing the letters himself. In any event, the BOP has now replied to the letters, informing Santos of the large costs to process his request in light of his refusal to narrow the scope of his request. Id. ¶¶ 4-6.

The Court further finds that the letters allegedly sent to the BOP on May 27, 2004, and November 16, 2004, do not establish that Santos sought to comply with the BOP's directives for obtaining the documents or challenged the BOP's determination. The BOP's letter of May 13, 2004, specifically requested that Santos reformulate his request describing the records sought in sufficient detail to enable BOP staff to locate them with a reasonable amount of effort. The letter also notified Santos that if he believed the BOP's action amounted to a denial of access, he could administratively appeal the action within 60 days from the date of the letter.

Santos's letters of May 27, 2004, and November 16, 2004, do not reformulate his request. The letter dated May 24, 2004,

2

states, "I do not wish to narrow the scope of my request. I believe the information I have requested is clear and adequately explains the documents and information I am requesting." Neither did Santos file an administrative appeal as he was advised to do if he believed the BOP's action amounted to a denial of access. The Court therefore finds that Santos has neither sought to comply with the BOP's directives for obtaining the documents, nor has he challenged the BOP's determination. Santos is obligated to keep his action alive by timely efforts to obtain the requested documents or to challenge administrative determinations. See Pollack v. Department of Justice, 49 F.3d 115, 118 (4th Cir. 1995). Inasmuch as Santos has made no effort to pursue his request, the Court shall grant the BOP's motion for summary judgment as to Santos' second request.

As for Santos's request for medical records, the BOP shows that in late August 2003, it received a request for his medical records from W. Gore, Jr., his attorney. Declaration of Vanessa F. Parker, ¶ 2. It copied all of Santos's medical records and mailed them to Mr. Gore. Id. ¶ 3. On or about September 10, 2003, the BOP received a telephone call from Mr. Gore's office stating that he had received Santos's medical records. Vanessa Parker wrote on Mr. Gore's letter "9/10/03 Mailed Received." Id. ¶ 4. In late October 2003, the Health Services Department received a request from Santos for copies of records to be provided to his attorney.

Parker informed Santos that his attorney had received copies of all of his records from the Health Services Department. On November 5, 2003, Parker provided Santos the same information in a written response to the Inmate Request to Staff form. Id. ¶ 5. These assertions by the BOP are not challenged by the plaintiff. In addition, the BOP states:

> If the Plaintiff desires actual copies of the x-ray films and not just the written x-ray reports, he can be provided those upon request. However, they are quite expensive. Generic requests from inmates for copies of "all medical records" or "my complete medical records" are not interpreted to mean the actual x-ray films. If the Plaintiff is seeking x-ray films, those can be provided upon specific request with payment in advance.
>
> Further, in an effort to assist the Plaintiff with his acquisition of his medical records, the BOP staff is willing to allow him to review his medical files that are personally reviewable and to provide further copies upon advance payment. Any failure to provide Santos with copies of medical records which he has requested (if there were, in fact, any not provided) was at worst nothing more than an inadvertent mistake. The BOP is not attempting to withhold any records the Plaintiff is entitled to receive.

(Defendant's Memorandum, p. 4).

Based on the foregoing, the Court finds that there is no genuine issue of material fact concerning the plaintiff's requests for medical records, and that summary judgment for the defendant is appropriate. Accordingly,

IT IS HEREBY ORDERED that the defendant BOP's motion for summary judgment **(docket entries 4, 36, 39)** is GRANTED as to the plaintiff's FOIA and Privacy Act claims regarding his August 20,

2003, and October 24, 2003, requests for medical records;

FURTHER ORDERED that the defendant BOP's motion for summary judgment **(docket entries 4, 36, 39)** is GRANTED as to the plaintiff's FOIA claim regarding his November 18, 2002, request for BOP documents;

FURTHER ORDERED that the defendant BOP's motion to dismiss **(docket entry 36)** is MOOT.

Summary judgment having now been granted as to all the plaintiff's claims, a final judgment in accordance with Fed.R.Civ.P. 58 shall be entered of even date herewith.

SO ORDERED, this the 27th day of March, 2006.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE
